IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

AMY HILL, as Personal Representative
of the Estate of KIMBERLY MARIE
GARCIA, deceased,

                Plaintiff,

v.

GULF      COAST      BUILDING
PRODUCTS, INC.; ANTON HERBST,

                Defendants.

CIVIL ACTION NO.
1:24-cv-00080-TFM-C

---

## REPORT OF PARTIES' PLANNING MEETING

---

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on November 5, 2024, via telephone conference and was attended by Robert L. Mitchell on behalf of the Plaintiff, Amy Hill, Derek Simpson on behalf of the Plaintiff, John Garcia, and Jeremy Taylor on behalf of the Defendants, Gulf Coast Building Products, Inc. Anton Herbst.

The parties do <u>not</u> request a conference with the court before entry of the scheduling order.

1.      <u>**Narrative Statement of Facts:**</u>

    (a)      **Plaintiffs' Narrative Statement of Facts:**

Defendant Gulf Coast Building Products, Inc. ("GCBP") is a Florida-based company that operates commercial motor vehicles across the southeastern United States. GCBP is registered as a commercial motor carrier with the Department of Transportation and is required

to adhere to the Federal Motor Carrier Safety Regulations. On December 12, 2023, GCBP, by and through its employee, Anton Herbst, was operating a commercial truck southbound on Newman Road in Mobile County, Alabama. The GCBP entered oncoming traffic in the northbound lanes of Newman Road, and crashed head-on into the vehicle driven by Kimberly Garcia. Ms. Garcia was killed in the crash. Mr. Herbst was operating the commercial truck within the line and scope of his employment as an agent and/or employee of Defendant GCBP.

At all times, GCBP operated and controlled the subject commercial motor vehicle, pursuant to its operating authority issued by the United States Department of Transportation. Further, GCBP was responsible for the safe operation of the commercial motor vehicle. GCBP and its driver failed to safely operate its commercial motor vehicle, which directly caused Ms. Garcia's fatal injuries.

Plaintiff Amy Hill, Ms. Garcia surviving sister, is the personal representative of the estate. Ms. Hill has asserted claims of negligence against GCBP and Mr. Herbst pursuant to the Alabama Wrongful Death Act. She seeks punitive damages and all other relief to which she is entitled under Alabama law.

Plaintiff John Garcia, as next friend and father of C.M.G., a minor, has asserted claims of negligence and wantonness against Defendant Anton Herbst and claims of agency, respondeat superior, negligent hiring, training and/or supervision, and negligent entrustment against GCBP. C.M.G. was a passenger in the vehicle driven by Kimberly Garcia, deceased, during the subject collision and is her sole surviving child. C.M.G. sustained personal injuries, and emotional distress and mental anguish related to the loss of his mother, his own proximity to the zone of danger, and other life changes that arose from the death of his mother (including

moving from his home to live with his father and a change of schools). He seeks compensatory and punitive damages and all other relief to which he is entitled under Alabama law.

      **(b)**      **Defendants' Narrative Statement of Facts:**

Defendant, Gulf Coast Building Products, Inc. is a company engaged in the sale of building materials along the Gulf Coast.  As part of its business model, Gulf Coast Building Products, Inc. also delivers its commercial products.

On the date of the accident at issue, Defendant Anton Herbst, a qualified and licensed driver for Gulf Coast Building Products, Inc., was making deliveries in a box truck in the Mobile area.  He remembers choking on a potato skin.  Mr. Herbst then blacked out.  Mr. Herbst has no memory of his vehicle subsequently entering the oncoming northbound lane of Newman Road, making contact with the vehicle operated by Kimberly Marie Garcia and occupied by the minor Plaintiff, exiting onto the northbound shoulder of the roadway, or subsequently striking a power or light pole.  It was only after he regained consciousness and exited his vehicle that he realized another vehicle was involved in the accident.

Within days of the accident, Mr. Herbst was hospitalized and treated for blood clots in his lungs.  He has since also been found to have at some point had a prior, mild heart attack based upon scarring on his heart.

The accident at issue was the result of a sudden medical emergency faced by Mr. Herbst, the presence or likelihood of which was unknown prior to the date in question.  Accordingly, Mr. Herbst's duty on the date in question was the same as someone faced with the same or similar sudden medical emergency, such that neither he nor Gulf Coast Building Products, Inc. can be found liable.

2.      **Trial.**

This civil action should be ready for jury trial by November 10, 2025, and at this time is expected to take approximately three (3) to four (4) days (excluding jury selection) to complete.

3.      **Pretrial Conference.**

The parties request a pretrial conference in October 2025.

4.      **Discovery Plan.**

The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:

(a)      The facts and circumstances surrounding the incident made the basis of this lawsuit;

(b)      Any investigation or inquiry conducted by the Defendants, or any other person(s) acting on their behalf (other than investigations conducted by Defendants' attorneys) regarding the incident made the basis of this lawsuit;

(c)      The safety policies and procedures implemented by or otherwise known to GCBP at the time of the fatal incident;

(d)      The hiring and retention of Anton Herbst;

(e)      GCBP's education and training of Anton Herbst;

(f)      GCBP's involvement in obtaining the contract to transport the cargo at issue;

(g)      GCBP's assignment of Anton Herbst and truck to transport the subject cargo;

(h)      GCBP's oversight, supervision, monitoring, training, and safety management systems relative to drivers operating commercial motor vehicles under its DOT authority;

4

(i)    Information regarding all known witnesses or anyone with any knowledge regarding the fatal incident;

(j)    The alleged injuries, diagnosis, prognosis, relatedness, permanency, restrictions, impairment, and anticipated future treatment of the minor Plaintiff;

(k)    The alleged mental anguish of the minor Plaintiff;

(l)    Accident reconstruction, including any evasive efforts made on the part of Kimberly Marie Garcia to avoid the accident or mitigate the collision in any way;

(m)    Kimberly Marie Garcia's activities during the twenty four (24) hours preceding the accident at issue;

(n)    Kimberly Marie Garcia's driving history;

(o)    Kimberly Marie Garcia's medical history, including whether she had any medical or health conditions that would have affected her ability to avoid the accident;

(p)    Any non-privileged investigation conducted by any representative of Kimberly Marie Garcia or by John Garcia; and

(q)    Other areas of discovery may become known through discovery, and the parties reserve and preserve the right to conduct discovery on those issues, as necessary.

All discovery will be commenced in time to be completed by June 30, 2025.

**5.    Initial Disclosures.**

The parties will exchange no later than November 30, 2025, the information required by Fed.R.Civ.P. 26(a)(1).

**6.    Joinder and Amendment of the Pleadings.**

The parties request until February 1, 2025, to join additional parties and amend the pleadings.

7.    **Expert Reports.**

Reports from retained experts under Rule 26(a)(2) will be due:

From Plaintiff no later than March 1, 2025, with Plaintiffs' experts expected to be deposed by May 1, 2025; and

From Defendants no later than May 10, 2025, with Defendants' experts to be deposed by July 10, 2025.

8.    **Pretrial Disclosures.**

Witness Lists and Exhibit Lists pursuant to Rule 26(a)(3) will be due no later than October 1, 2025.

9.    **Discovery Limits.**

(a)    Maximum of 40 interrogatories by each party to any other party. Responses due 30 days after service.

(b)    Maximum of 12 depositions by Plaintiffs and 12 by Defendants. Each deposition is limited to a maximum of 4 hours unless extended by agreement of parties.

(c)    Maximum of 30 requests for admission by each party to any other party. Responses due 30 days after service.

(d)    Maximum of 50 requests for production of documents by each party to any other party unless extended by agreement of the parties or otherwise extended by the Court. Responses due 30 days after service.

10.    **Dispositive Motions.**

All potentially dispositive motions filed by July 20, 2025.

11.    **Settlement.**

Settlement cannot be meaningfully evaluated prior to conducting depositions. Resolution may be enhanced by use of the following alternative dispute resolution procedure:

Mediation.

12.    **ESI.**

The discovery in this action could include Electronically Stored Information (ESI). The parties will comply with the federal procedures with regards to ESI production.

Respectfully submitted,

**CUNNINGHAM BOUNDS, LLC**
*Attorneys for the Plaintiff,*
*AMY HILL, as Personal Representative*
*of the Estate of KIMBERLY MARIE GARCIA,*
*deceased,*

*/s/ Robert L. Mitchell (with permission)*
ROBERT L. MITCHELL [MITCR9956]
1601 Dauphin Street
Mobile, Alabama  36660
T: (251) 471-6191
F: (251) 479-1031
E: RLM@cunninghambounds.com

**WARREN & SIMPSON, PC**
*Attorneys for Plaintiff,*
*John Garcia, as Next Friend and Father of*
*C.M.G., A Minor*

*/s/ Derek W. Simpson (with permission)*
DEREK W. SIMPSON
Warren & Simpson, P.C.
105 North Side Square
Huntsville, Alabama  35801
T: (256) 539-7575
F: (256) 539-9335
E: derek@warrenandsimpson.com

7

**CARR ALLISON**
*Attorneys for Defendants*
*Gulf Coast Building Products, Inc. and*
*Anton Herbst*

*/s/ Jeremy P. Taylor*
JEREMY P. TAYLOR  (TAY057)
6251 Monroe Street, Suite 200
Daphne, Alabama 36526
T:  (251) 626-9340
F: (251) 626-8928
E: jptaylor@carrallison.com